**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LAWRENCE TREVAUN CALDWELL, <br><br> Plaintiff, <br><br> v. <br><br> ERIKA PHYLLIS WARTENA, <br><br> Defendant. | Case No. 2:19-cv-06100-CJC (MAA) <br><br> **MEMORANDUM DECISION AND ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |

## I.    INTRODUCTION

On July 16, 2019, Plaintiff Lawrence Trevaun Caldwell ("Plaintiff"), an inmate at California Medical Facility ("CMF") in Vacaville, California, proceeding *pro se*, filed a Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Compl., ECF No. 1.) Plaintiff filed two duplicate Motions for Appointment of Counsel on July 16, 2019 and August 26, 2019 (Mots. Appoint Counsel, ECF Nos. 2, 8), which the Court denied on August 29, 2019 (Order Re Counsel, ECF No. 12). On August 26, 2019, Plaintiff filed a First Amended Complaint ("FAC," ECF No. 10), which the Court screened and dismissed with leave to amend on October 17, 2019 (Order Dismiss FAC, ECF No. 15).

Plaintiff filed a Second Amended Complaint on November 7, 2019. ("SAC," ECF No. 16.) On November 18, 2019, Plaintiff filed a Motion for Injunctive Relief (Mot. Inj., ECF No. 17), which the Court denied on November 27, 2019 (Order Re Inj., ECF No. 18).

The Court has screened the SAC as prescribed by 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). For the reasons stated below, the SAC is **DISMISSED WITH LEAVE TO AMEND**. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a Third Amended Complaint ("TAC"), or (2) advise the Court that Plaintiff does not intend to file a TAC.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS[1]

The SAC is filed against Dr. Erika Phyllis Wartena, a psychiatrist at Atascadero State Hospital ("ASH"), in her individual capacity. (SAC 3.)[2]

On September 13, 2018, CDCR mental health doctors admitted Plaintiff to ASH to receive specialized mental health treatment. (*Id.* at 6.) Plaintiff was declared a danger to himself due to a history of cutting (self-mutilation) and swallowing sharp foreign bodies to cope with frustration. (*Id.*)

Plaintiff was at ASH for only seven days: September 13–21, 2018. (*Id.*) Defendant intentionally failed to perform an adequate mental health evaluation on Plaintiff and never once attempted to help Plaintiff understand his feelings enough to work through them, nor engage Plaintiff in any helpful treatment modalities. (*Id.* at 6–7.) Defendant informed Plaintiff that she did not know if Dialectical Behavior Therapy—which "the doctors and clinicians at the CDCR all feel is the most important type of treatment for Plaintiff"—would be good for Plaintiff. (*Id.* at 10.)

---

[1] The Court summarizes Plaintiff's allegations and claims as set forth in the SAC, without opining on their veracity or merit.

[2] Citations to pages in docketed documents reference those generated by CM/ECF.

Defendant "refused to honor, render or provide the prescribed treatment requested or recommended by Plaintiff." (*Id*.)

Defendant believed that Plaintiff was a security risk due to Plaintiff's past marriage to a former ASH employee, Cornelia Rounds. (*Id*. at 7.) Plaintiff was told that a picture of Plaintiff and and his ex-wife was on the wall of various units at ASH as an example of "what not to do" for the staff. (*Id*. at 9.) Defendant told Plaintiff that she remembered Plaintiff from his last visit and his alleged relations with Cornelia Rounds, that they would be watching Plaintiff, and that if Plaintiff came onto her radar, he would regret it. (*Id*. at 10.)

Defendant exposed Plaintiff to an excessive risk of harm when she discharged him to the Enhanced Out-Patient Program ("EOP"), which was an environment that was unsafe for Plaintiff at the time. (*Id*. at 7.) On September 22, 2018, less than twenty-four hours after he was discharged to EOP, Plaintiff inflicted multiple severe bi-lateral lacerations to both wrists and ingested numerous foreign bodies. (*Id*.) Plaintiff was evacuated to an outside hospital. (*Id*.)

Based on the foregoing, Plaintiff asserts an Eighth Amendment claim for cruel and unusual punishment and state law violations, including negligence and malpractice. (*Id*. at 6.) Plaintiff seeks: (1) declaratory judgment that Defendant violated Plaintiff's constitutional rights; (2) injunctive relief allowing Plaintiff to receive further treatment at ASH; (3) compensatory and punitive damages; and (4) such other and further relief as the Court deems just and proper. (*Id*. at 13.)

## III.   LEGAL STANDARD

Federal courts must conduct a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity (28 U.S.C. § 1915A), or in which a plaintiff proceeds *in forma pauperis* (28 U.S.C. § 1915(e)(2)(B)). The court must identify cognizable claims and dismiss any complaint, or any portion thereof, that is: (1) frivolous or

malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

When screening a complaint to determine whether it fails to state a claim upon which relief can be granted, courts apply the Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") standard. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § Section 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying the Rule 12(b)(6) standard to 28 U.S.C. § 1915(e)(2)(B)(ii)). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure 8(a) ("Rule 8"), "which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *See Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)). In reviewing a motion to dismiss, the court will accept the plaintiff's factual allegations as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). Although "detailed factual allegations" are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Park*, 851 F.3d at 918 (alteration in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001)). Rather, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Id.*

Where a plaintiff is *pro se*, particularly in civil rights cases, courts should construe pleadings liberally and afford the plaintiff any benefit of the doubt. *Wilhelm*, 680 F.3d at 1121. "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). A court should grant a *pro se* plaintiff leave to amend a defective complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)).

## IV.  DISCUSSION

### A.    The SAC Does Not State an Eighth Amendment Claim for Deliberate Indifference to Serious Medical Needs.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," which prohibits cruel and unusual punishments. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir.

2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)). "To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle*, 429 U.S. at 104). A plaintiff must allege sufficient facts to satisfy a two-prong test: (1) an objective standard—the existence of a serious medical need; and (2) a subjective standard—deliberate indifference. *Colwell*, 763 F.3d at 1066.

A "serious medical need" exists if "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett*, 439 F.3d at 1096 (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). Neither result is the type of "routine discomfort [that] is 'part of the penalty that criminal offenders pay for their offenses against society.'" *McGuckin*, 974 F.2d at 1059 (alteration in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *McGuckin*, 974 F.2d at 1059–60.

The subjective "deliberate indifference" prong "is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin*, 974 F.2d at 1059. However, deliberate indifference is met only if the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 834. The defendant "must purposefully ignore or fail to respond to the plaintiff's pain or possible medical need for deliberate indifference to be established." *See McGuckin*, 974 F.2d at 1060.

The SAC sufficiently alleges a serious medical need: Plaintiff's history and ongoing struggle with self-harm by cutting his wrists and ingesting razor blades. (SAC 6.) *See Simmons v. Navajo County*, 609 F.3d 1011, 1018 (9th Cir. 2010) ("[W]e have previously recognized that a heightened suicide risk can present a serious medical need.")

Nonetheless, as with the FAC, the SAC fails to allege sufficient facts to satisfy the subjective prong of "deliberate indifference." Here, the SAC alleges that Defendant improperly evaluated and treated Plaintiff's mental illness and issues, and prematurely discharged him into EOP after only seven days at ASH. (SAC 6–7.) At most, the allegations in the SAC allege negligence or malpractice, not deliberate indifference. "[A]n inadvertent failure to provide adequate medical care," "negligence in diagnosing or treating a medical condition," and medical malpractice do not violate the Eighth Amendment. *Estelle*, 429 U.S. at 105–06. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

The crux of Plaintiff's claim appears to be Defendant's refusal to provide the treatment requested by Plaintiff and recommended by "the doctors and clinicians at the CDCR." (SAC 10.) As the Court previously explained to Plaintiff, "[a] difference of opinion between a prisoner-patient and prison medical authorities does not give rise to a § 1983 claim." *Franklin v. State of Oregon*, *State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Indeed, "'a difference of medical opinion' as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (quoting *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.

1989)).  Rather, "to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alteration in original) (quoting *Jackson*, 90 F.3d at 332).  The SAC contains no allegations to reasonably lead to either conclusion.

For these reasons, Plaintiff's Eighth Amendment claim fails.  The Court previously explained the deficiencies of Plaintiff's Eighth Amendment claim.  (*See* Order Dismiss FAC 7–10.)  Although doubtful that Plaintiff can overcome these deficiencies, Plaintiff may have one more opportunity to cure the deficiencies.

## B.    If Plaintiff Fails to Plead a Federal Claim, the Court will Decline Supplemental Jurisdiction Over Plaintiff's State Law Claims.

"[D]istrict courts may decline to exercise supplemental jurisdiction over a [state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."  *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  In deciding whether to exercise supplemental jurisdiction, a court considers "economy, convenience, fairness, and comity."  *Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997).

As Plaintiff has failed to plead a federal claim, the factors weigh against exercising supplemental jurisdiction over Plaintiff's state law claims.  As to judicial economy, the Court has expended minimal effort towards this case and has not engaged in substantive analysis of Plaintiff's state law claims that would need to be duplicated in state court.  The convenience factor is neutral, weighing toward neither side, as both cases would be filed within the Central District of California's geographic boundaries.  So too is the fairness factor, as a state court would be as fair

as federal court. However, comity weighs strongly in favor of declining supplemental jurisdiction, as it is "preferable as a matter of comity (respect for our sister state institutions) for state court judges to apply state law to plaintiff's state-law claims." *Millar v. Bart Dist.*, 236 F. Supp. 2d 1110, 1120 (N.D. Cal. 2002). Balancing these factors, the Court should not exercise supplemental jurisdiction over Plaintiff's state claims where Plaintiff has failed to plead a federal claim. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (alteration in original) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

For these reasons, if Plaintiff does not sufficiently plead a federal claim, the Court will recommend declining supplemental jurisdiction over Plaintiff's state claims.

## V. CONCLUSION

For the reasons stated above, the Court **DISMISSES** the SAC **WITH LEAVE TO AMEND**. Although doubtful that Plaintiff could amend the SAC to overcome the deficiencies explained in this order, Plaintiff may have one more opportunity to amend and cure the deficiencies given his *pro se* prisoner status. Plaintiff is **ORDERED** to, within thirty days after the date of this Order, either: (1) file a TAC, or (2) advise the Court that Plaintiff does not intend to file a TAC.

The TAC must cure the pleading defects discussed above and shall be complete in itself without reference to the SAC. *See* L.R. 15-2 ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseding pleading."). This means that Plaintiff must allege and plead any viable claims in the

TAC again.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the SAC.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims.  Plaintiff is advised that pursuant to Rule 8, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff strongly is encouraged to utilize the standard civil rights complaint form when filing any amended complaint, a copy of which is attached.**  In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of his separate claims.  Plaintiff strongly is encouraged to keep his statements concise and to omit irrelevant details.  It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation.  Plaintiff also is advised to omit any claims for which he lacks a sufficient factual basis.

**The Court explicitly cautions Plaintiff that failure to timely file a TAC, or timely advise the Court that Plaintiff does not intend to file a TAC, will result in a recommendation that this action be dismissed for failure to prosecute and/or failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Plaintiff is not required to file an amended complaint, especially since a complaint dismissed for failure to state a claim without leave to amend may count as a strike under 28 U.S.C. § 1915(g).  Instead, Plaintiff may request voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a) using the attached Notice of Voluntary Dismissal form.

Plaintiff is advised that this Court's determination herein that the allegations in the SAC are insufficient to state a particular claim should not be seen as dispositive of the claim.  Accordingly, although the undersigned Magistrate Judge believes Plaintiff has failed to plead sufficient factual matter in the pleading,

accepted as true, to state a claim for relief that is plausible on its face, Plaintiff is not required to omit any claim or Defendant in order to pursue this action. However, if Plaintiff decides to pursue a claim in an amended complaint that the undersigned previously found to be insufficient, then pursuant to 28 U.S.C. § 636, the undersigned ultimately may submit to the assigned District Judge a recommendation that such claim may be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at that time to file objections. *See* Fed. R. Civ. P. 72(b); C.D. Cal. L.R. 72-3.

     IT IS SO ORDERED.

DATED: December 18, 2019

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE